UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| STEPHON DAVIDSON, ) | |
| ) | No. 1:19-cv-245, 1:17-cr-137 |
| ) | |
| Petitioner, ) | |
| ) | Judge Mattice |
| v. ) | Magistrate Judge Steger |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner Stephon Davidson's Motion to Vacate under 28 U.S.C. § 2255 [No. 1:19-cv-245, Doc. 1; No. 1:17-cr-137 Doc. 50]. Petitioner argues he lacked the knowledge of his status required by *Rehaif v. United States*, 139 S. Ct. 2191 (2019), invalidating his conviction for possessing a firearm as a felon. Because it plainly appears on the face of the record that Petitioner is not entitled to any relief, the Motion to Vacate under 28 U.S.C. § 2255 [No. 1:19-cv-245, Doc. 1; No. 1:17-cr-137 Doc. 50] will be **DENIED**.

### I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On September 26, 2017, a grand jury charged Stephon Davidson with, *inter alia*, possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). [Crim. Doc. 1]. Pursuant to a written plea agreement, as revised, Davidson pleaded guilty to the felon in possession charge. [Crim. Docs. 19 & 33]. At his change of plea hearing, the Court advised Davidson that by entering a guilty plea, he was giving up certain constitutional rights, including the right to require the Government to prove his guilt beyond a reasonable doubt as to each element of the charged offense. [Crim. Doc. 46 at 6]. Under oath,

Davidson said he understood. [*Id.*]. The Court also asked Davidson if he understood he was giving up his right to file a petition for the writ of habeas corpus, and he acknowledged he understood. [*Id.* at 7-8].[1]

Davidson also acknowledged that at the time of his change of plea hearing, he was on probation for state charges. [Crim. Doc. 46 at 11-12]. The Government proffered as part of the factual basis for the plea that Davidson "admits he knowingly possessed a firearm after being convicted of a felony," to which Davidson agreed. [*Id.* at 14]. The Court asked: "Are you offering to plead guilty here this morning because you are in fact guilty of this offense?" [*Id.*]. Davidson said "yes." [*Id.*]. The Court accepted Davidson's guilty plea and deferred acceptance of the plea agreement until sentencing. [*Id.* at 15-16].

Prior to sentencing, the parties reached a Rule 11(c)(1)(C) agreement for an 84-month sentence. [*See* Crim. Doc. 48 at 1-3]. On August 27, 2018, the Court sentenced Davidson to 84 months' imprisonment, followed by 3 years of supervised release. [Crim. Docs. 38 & 47].

Davidson appealed on September 10, 2018. [Crim. Doc. 42]. While his appeal was pending, the Supreme Court of the United States issued the *Rehaif* decision on June 21, 2019. The United States Court of Appeals for the Sixth Circuit affirmed the judgment against Davidson less than a month later, on July 11, 2019. [Crim. Doc. 48]. On August 26, 2019, Davidson filed a Motion to Vacate Under 28 U.S.C. § 2255 [Crim. Doc. 50], followed by a Motion to Supplement or Amend [Civ. Doc. 3], which was granted by the Court [Civ. Doc. 4]. On December 18, 2019, he also filed a Motion to Appoint Counsel. [Civ. Doc. 5].

---

[1] In the original plea agreement, Petitioner waived his right to bring a motion under § 2255. [Doc. 19 at 6]. His Revised Plea Agreement, however, does not contain a similar waiver. [Doc. 33].

## II. STANDARDS OF REVIEW

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

Pursuant to Rule 4(b) of the Rules Governing § 2255 Cases, the Court must "promptly examine" a motion to vacate and dismiss the motion if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b); *see also Robinson v. United States*, 582 F. Supp. 2d 919, 925 (N.D. Ohio 2008) (Rule 4 requires the court to *sua sponte* dismiss a § 2255 petition without ordering a responsive pleading if petitioner is plainly not entitled to relief). "[S]ummary theories and generalized claims do not survive screening." *United States v. Andrade-Guerrero*, No. 2:15-cr-18, 2017 WL 1367183, *2 (E.D. Ky. March 17, 2017); *see United States v. Thomas*, 221 F.3d at 430, 437 (3rd Cir. 2000) (vague and conclusory allegations in § 2255 petition may be summarily disposed of).

## III. ANALYSIS

### A. Motion to Appoint Counsel

The appointment of counsel in a civil proceeding is not a constitutional right, but rather a privilege justified only in "exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). The Court finds that no extraordinary circumstances

3

exist here, as the issues in this case are straightforward and legal, rather than complex and factual. *Id.*; *see also Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). The interests of justice do not require appointment of counsel, and the Motion [Civ. Doc. 5] will be denied.

### B. Motion to Vacate

Petitioner moves to vacate his conviction under § 2255, alleging he is actually innocent of violating 18 U.S.C. § 922(g)(1) and § 924(a)(2) because he was not aware that his prior convictions made it unlawful for him to possess a firearm. Petitioner contends that after *Rehaif*, he did not have the requisite knowledge to support his conviction or guilty plea. In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Rehaif v. United States*, 139 S. Ct. at 2200 (2019). Notably, *Rehaif* involved a defendant who went to trial and denied knowledge that he was an alien unlawfully in the United States, thus prohibited from possessing a firearm.

*Rehaif* does not undermine Petitioner's conviction for several reasons. First, Defendant entered into a plea agreement, relieving the Government of its obligation to prove the elements of the charge against him beyond a reasonable doubt. "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Boce*, 488 U.S. 563, 569 (1989). Petitioner also stipulated to his prior felony conviction in a written plea agreement. [Doc. 33 at 3]; *see United States v. Conley*, 802 F. App'x. 919, 923, (6th Cir. Feb. 5, 2020) ("Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it.");

4

*Malone v. United States*, 1:14-cr-438, 2019 WL 7049805, *3 (N.D. Ohio Dec. 23, 2019) ("*Rehaif* is inapplicable to Petitioner because whereas Rehaif was convicted by a jury, Petitioner pleaded guilty to his offense."); *Wallace*, 2020 WL 2194002 at *4 (same). Petitioner was advised of the consequences of his guilty plea by the Court and counsel, and stated under oath that he understood his decision. The record reflects his guilty plea was knowing and voluntary. Having waived his right to hold the Government to its burden of proof, he cannot complain the evidence against him would have been insufficient.

*Rehaif* also provides no remedy for Petitioner because it merely "clarified" the felon-in-possession statute, it did not announce a new rule of constitutional law that is retroactive on collateral review. *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020). In *Khamisi-El*, the petitioner sought to amend his § 2255 petition to add a challenge to his felon-in-possession conviction based on *Rehaif*. *Id.* at 348. The Sixth Circuit denied the motion,[2] holding "[t]he rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Id.*; *In re Palacios*, 931 F.3d 1314 (11th Cir. 2019) ("*Rehaif*... did not announce a 'new rule of constitutional law....'"). District courts within the Sixth Circuit have likewise rejected "actual innocence" claims based on *Rehaif*. *See Moore v. United States*, No. 2:19-cv-2572, 2019 WL 4394755 (W.D. Tenn. Sept. 12, 2019) ("*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review."); *Wallace v. United States*, No. 3:19-cv-01122, 2020 WL 2194002 (M.D. Tenn. May 6, 2020) (same); *see also Abernathy v. United States*, No. 1:16-CR-81, 2019 WL 5268546, at *5 (E.D. Tenn. Oct. 17, 2019) ("The Supreme

---

[2] Petitioner sought leave to amend his § 2255 petition for the first time on appeal, and accordingly, the Sixth Circuit treated the amendment as a second or successive motion for post-conviction relief, which failed to meet the standards of 28 U.S.C. § 2255(h).

5

Court's holding, however, is not retroactively applicable to cases on collateral review and, therefore has no bearing on the Court's consideration of Petitioner's motion.").

Finally, it is worth noting what Petitioner does not say – he does not claim he was unaware of his prior felony conviction. Instead, he says when he was convicted in state court, no one told him it would be illegal for him to possess a firearm. [Civ. Doc. 1]. He claims he did not know his juvenile convictions caused him to "fit the status of someone that would face 0-10 years" imprisonment if convicted of possessing a firearm. [Civ. Doc. 3 at 4]. Even if true, Petitioner's knowledge of the ramifications of his felony conviction are irrelevant to his subsequent guilty plea and § 922(g) conviction. The law simply does not require that Petitioner knew his possession of a firearm was unlawful. *See United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) ("*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code."); *Matthews v. United States*, No. 19-2091, 2020 WL 2614619 (6th Cir. Jan. 6, 2020) (government is not required to prove defendant knew he was prohibited from possessing firearms to obtain § 922(g) conviction after *Rehaif*). Because Petitioner's sole basis for relief is facially meritless, his motion to vacate must be denied.

## IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner must obtain a COA before appealing the denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their

merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

### V. CONCLUSION

For the reasons set forth herein, Petitioner has failed to establish any basis upon which § 2255 relief could be granted, and it is therefore **ORDERED** that the Motion to Vacate under 28 U.S.C. § 2255 [No. 1:19-cv-245, Doc. 1; No. 1:17-cr-137 Doc. 50] will be **DENIED**.

A certificate of appealability from the denial of Petitioner's § 2255 motion will be **DENIED**. A separate judgment will enter.

**SO ORDERED** this 16th day of September, 2020.

       */s/ Harry S. Mattice, Jr.*
       HARRY S. MATTICE, JR.
       UNITED STATES DISTRICT JUDGE

7

Case 1:17-cr-00137-HSM-CHS   Document 52   Filed 09/16/20   Page 7 of 7   PageID #: 309